**ZEN CONTINENTAL CO., INC., Plaintiff–Counter–Defendant–Appellant,**

v.

**INTERCARGO INSURANCE COMPANY and International Advisory Services, Inc., Defendants–Counter–Claimants–Appellees,**

**Trade Insurance Services, Inc., Defendant–Appellee,**

Roanoke Insurance Services, Inc., The Roanoke Companies, Inc., Roanoke Agency, Inc., Roanoke Brokerage Services, Inc. and Roanoke Trade Services, Inc., Defendants.

Docket No. 01–7540.

United States Court of Appeals, Second Circuit.

Jan. 4, 2002.

David Loh, Nicoletti, Horning, Sweeney & Campise, New York, NY, for Appellant.

Brendan Malley, Mendes & Mount, New York, NY, for Appellee.

Present OAKES, NEWMAN, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff–Counter–Defendant–Appellant Zen Continental Company, Inc. ("Zen") appeals from the Opinion and Order of the United States District Court for the Southern District of New York (Gerard E. Lynch, J.), dated March 22, 2001, and corresponding Judgment, dated April 2, 2001, granting summary judgment to Defendants Counter Claimants Appellees Intercargo Insurance Company, Inc. ("Intercargo") and International Advisory Services, Inc. ("IAS"), granting Defendant Trade Insurance Services, Inc.'s ("TSI") motion to dismiss, and denying summary judgment to Zen. We affirm.

This case principally involves a dispute over whether Intercargo has a duty to defend certain claims brought against Zen under a maritime insurance policy (the "Policy"). We assume familiarity with the facts and history of this case as set forth by the district court. *See Zen Continental Co., Inc. v. Intercargo Ins. Co.,* 151 F.Supp.2d 250 (S.D.N.Y.2001). After our de novo review of the district court's construction of the Policy,[1] including the terms of the Policy and the allegations made and claims raised in the complaints against Zen,[2] we agree with the district court that Intercargo was not obligated to defend Zen in the underlying actions because the claims in those actions are not covered by the Policy; the second paragraph of the broadly written exclusionary clause, captioned "Hazardous Materials / Pollution / Contamination," unambiguously excludes coverage. We affirm for substantially the same reasons as stated by the district court.

The judgment of the district court is AFFIRMED.

---

1. *See Commercial Union Ins. Co. v. Flagship Marine Servs., Inc.,* 190 F.3d 26, 30 (2d Cir. 1999).

2. *See Outboard Marine Corp. v. Liberty Mut. Ins. Co.,* 154 Ill.2d 90, 180 Ill.Dec. 691, 607 N.E.2d 1204, 1212 (1992) and *Employers Ins. of Wausau v. Ehlco Liquidating Trust,* 186 Ill.2d 127, 237 Ill.Dec. 82, 708 N.E.2d 1122, 1135 (1999). It is undisputed that this case is governed by Illinois law.